**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>  v.<br><br>EDWARD N. LEVINE, AKA Edward Nathan Levine,<br><br>  Defendant-Appellant. | No.  18-10110<br><br>D.C. No.<br>2:14-cr-00127-GMN-VCF-1<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted November 13, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, GRABER, Circuit Judge, and KOBAYASHI,<sup>**</sup>
District Judge.

Defendant Edward Levine appeals his conviction and sentence for violating

the Lacey Act and conspiring to violate the Lacey Act and the Endangered Species

---

<sup>*</sup>   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>   The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

Act. Because the parties are familiar with the facts, we will not recount them here. We have jurisdiction pursuant to 18 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

I

The district court properly concluded that Levine was not entitled to a judgment of acquittal as a matter of law on the basis of entrapment. To prove entrapment as a matter of law, "the defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." *United States v. Smith*, 802 F.2d 1119, 1124 (9th Cir. 1986). A jury's finding that a defendant was not entrapped will not be disturbed "unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the defendant was predisposed to commit the charged offenses." *United States v. Mohamud*, 843 F.3d 420, 432 (9th Cir. 2016) (internal quotation marks and brackets omitted), *cert. denied*, 138 S. Ct. 636 (2018).

A careful review of the record establishes that a reasonable jury could conclude Levine was either predisposed or not induced by the government to commit the charged offense, and that the district court did not err in denying the motion to acquit as a matter of law. Quan and Levine initially contacted the

government informant with an offer to purchase the rhinoceros horns and proposed to meet the agent out of state. Quan and Levine were not reluctant sellers induced by the government into committing a crime; on the contrary, they were motivated to sell the horns, had opportunities to back out of the sale, and proposed various alternatives that involved crossing state lines while negotiating the logistics of the sale.

II

The district court did not abuse its discretion in imposing a ten-level sentence enhancement based on the estimated value of the horns. *See United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008) (reviewing the "application of the Sentencing Guidelines to the facts of a case for abuse of discretion" (internal quotation marks omitted)). The Guidelines instruct that "market value" is based on the "fair-market retail price." U.S.S.G. § 2Q2.1 cmt. n.4 (2018). "Where the fair-market retail price is difficult to ascertain, the court may make a reasonable estimate using any reliable information . . . ." *Id.*

The district court found that it was reasonable to use the Asian retail market price of $20,000 to $29,000 per pound, based on the government's evidence including "various documentation provided by other well-known publications, as well as the agent's testimony." In doing so, the district court was not limited to the

3

United States' auction market, as Levine contends, but could reasonably rely on evidence showing a relevant Asian market.

The district court reasonably estimated the weight and value of the horns, using reliable information, and thus did not abuse its discretion in enhancing Levine's sentence. Although the government could have, and perhaps should have, removed the horns from the mount for the purposes of weighing the horns, it was not obligated to do so. The district court did not abuse its discretion in sentencing.

**AFFIRMED.**